**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF LOUISIANA
BATON ROUGE DIVISION**

| | | |
|---|---|---|
| **MEAGAN CREWS** § § | | |
| **Plaintiff** § § § | | |
| § | | |
| v. § | Civil Action No. | |
| § § | | |
| **ACCOUNT CONTROL BUREAU** § § § § § | | |
| And; § § § | Complaint | |
| § § | and; | |
| **EXPERIAN INFORMATION SOLUTIONS, INC.** § § § | Demand for Jury Trial | |
| **Defendants** § § § | | |

**COMPLAINT**

NOW COMES Plaintiff, MEAGAN CREWS (hereafter the "Plaintiff) by and through undersigned Counsel, whom through this complaint against the Defendants alleges the following:

**PRELIMINARY STATEMENT**

1.      This is an action for actual, statutory and punitive damages, costs, and Attorneys' fees brought pursuant to 15 U.S.C. §1681 et seq. (Federal Fair Credit Reporting

1

Act) and for actual, statutory and punitive damages, costs, and Attorneys' fees pursuant to 15 U.S.C. §1692 (Federal Fair Debt Collection Act).

## JURISIDICTION AND VENUE

2. Jurisdiction of this Court is conferred by 15 U.S.C. §1681(p), 15 U.S.C. 1692k(d), and 28 U.S.C. §1331.

3. Venue in this District is appropriate under 28 U.S.C. §1391(b)(1) because all defendants in this matter reside in the state of Louisiana as defined under 28 U.S.C. §1391 (c)(2).

## PARTIES

4. Plaintiff is a natural person and a resident and citizen of the State of Louisiana of the United States of America. Plaintiff is a "consumer" as that term is defined by 15 U.S.C. §1681a(c) and 15 U.S.C. §1692a (3).

5. Defendant EXPERIAN INFORMATION SOLUTIONS, INC, (hereafter **EXPERIAN**) is a foreign For-Profit Corporation registered to do business and doing business in Louisiana. Defendant is a "consumer reporting agency", as defined by 15 U.S.C §1681a(f) and is engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C. §1681a(d) to third parties.

6. Defendant, ACCOUNT CONTROL BUREAU, (hereinafter "ACB"), is a "debt collector", as defined by 15 U.S.C §1692a(6) and is engaged in the business with the purpose of which is the collection of debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another. Defendant is currently doing business in and collecting debts in Louisiana.

**FACTUAL ALLEGATIONS**

7. Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

8. EXPERIAN did not follow reasonable procedures to assure maximum possible accuracy and has been reporting false and inaccurate information even after it has known or should have known the information was incorrect.

9. Plaintiff disputed information regarding the two ACB accounts on her Experian and Transunion reports with two separate, but virtually identical, dispute letters to Transunion and Experian, dated March 14, 2016, disputing the fact that ACB Account ***********2867 was from a medical bill incurred while she was 15 years old and a non-emancipated minor and that ACB Account ***********3032 was from a medical bill incurred while she was 16 years old and still a non-emancipated minor. The Dispute letter to Experian is attached as Exhibit 1 and the dispute letter to Transunion is attached as Exhibit 2.

10. Plaintiff received the results from her dispute regarding the ACB accounts a few days after April 14, 2016. Experian deleted ACB account ***********2867 and it verified ACB Account ***********3032. Furthermore, on page 6 of 6 of the Experian dispute results dated April 14, 2016, Experian listed Plaintiff's year of birth as 1997 and thus showing Experian knew or should have known that Plaintiff was not of legal age when this debt was incurred. This report from Experian is attached as Exhibit 3.

11. EXPERIAN did not provide a reasonable good faith investigation into the ACB account no. ***********3032.

12. ACB did not provide a reasonable good faith investigation into the ACB account no.**********3032.

13. Additionally, Plaintiff's Experian report dated March 7, 2016 listed her year of birth as 1997 and thus shows Experian's own records had plaintiff as being sixteen (16) or less when the debt in ACB account no. **********3032 was incurred. The March 7, 2016 Experian report is attached as Exhibit 4.

14. ACB is reporting an account of Plaintiff that she was never legally responsible for and is thus providing credit information that they know or should know is inaccurate and misleading.

15. On April 24, 2017 Plaintiff received the results of her Transunion dispute of the two ACB accounts and those results showed that Transunion had removed both accounts from her credit profile as Experian should have done.

16. To the best of Plaintiff's knowledge, ACB is still falsely and misleadingly reporting the character and/or legal status of ACB account no. **********3032 due to the fact Plaintiff has never had any legal liability for said account. The responsibility for this debt was that of her parents, both of whom were alive and well at the time these debts were incurred.

17. EXPERIAN should have discovered the misleading information if they would have provided a good faith reasonable investigation.

18. Additionally, Plaintiff's listed accounts were medical bills and the original creditor, THE DELTA PATHOLOGY GROUP, would have had access to Plaintiff's birth year and known she was incapable of being liable for the debt as an unemancipated minor.

4

19. ACB account no. **********3032 is not only inaccurate but also misleading, which the Fifth Circuit has addressed. The Fifth Circuit ruled that even a technical accuracy can be so misleading to the point that it is no longer accurate, *please see Sepulvado vs. CSC Credit Services*, 158 F.3d 890, 895 (5th Cir. 1988), a consumer report is inaccurate if it is "misleading in such a way and to such an extent that it may be expected to adversely effect credit decisions"

20. ACB did not conduct a good faith and reasonable investigation and did not delete the account and EXPERIAN continued to report the inaccurate information.

21. The reporting of this credit information on Plaintiff's credit report negatively reflects upon the Plaintiff, Plaintiff's credit repayment history, Plaintiff's financial responsibility as a debtor and Plaintiff's credit worthiness. This information was furnished by ACB and reported by EXPERIAN, misrepresenting the payment history and/or status of Plaintiff's account, and is currently being reported and is reflected on Plaintiff's credit report, resulting in lowering Plaintiff's credit score and furthering Plaintiff's damages.

22. Plaintiff's credit reports and file have been obtained from credit reporting agencies and have been reviewed by known and unknown, prospective and existing credit grantors and extenders of credit, and the inaccurate information furnished by ACB and reported by EXPERIAN and is continuing to damage the Plaintiff's credit rating. One credit card company, Capital One, reviewed her Experian credit file on June 17, 2015, and denied Plaintiff Credit.

23. As a result of conduct of EXPERIAN, Plaintiff has suffered great physical, emotional and mental pain and anguish, all to Plaintiff's great detriment and loss.

24. As a result of the conduct of ACB, Plaintiff has suffered actual damages all to Plaintiff's great detriment and loss.

25. At all times pertinent hereto, Defendants EXPERIAN and ACB were acting by and through their agents, servants, and/or employees who were acting within the course and scope of their agency or employment, and under the direct supervision and control of the Defendants herein.

26. At all times pertinent hereto, the conduct of the Defendants, as well as, that of their agents, servants and/or employees, was malicious, intentional, willful, reckless, and in grossly negligent disregard for federal laws and the rights of the Plaintiff herein.

**CAUSES OF ACTION**

27. Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

28. This suit is based upon the Defendants violation of the Fair Credit Reporting Act and the Fair Debt Collection Practices Act. All causes of action were causes of the damages which Plaintiff has suffered.

*Count I: Fair Credit Reporting Act*

29. Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

30. This suit is brought against the Defendants, EXPERIAN and ACB, as the damages which are the basis this suit were caused by their violation of the FCRA. In all instances of violating the FCRA, Defendants EXPERIAN and ACB did so willfully and/or negligently. Under, 15 U.S.C. §1681n and §1681o, the Plaintiff is entitled to recover actual damages, punitive damages, and reasonable attorney's fees.

15 U.S.C. §1681n, "**Civil Liability for Willful Noncompliance**" reads:

> (a) Any person who willfully fails to comply with any requirement imposed under this title with respect to any consumer is liable to that consumer in an amount equal to the sum of
>
> (1) any actual damages sustained by the consumer as a result of the failure or damages of not less than $100 and not more than $1000
>
> (2) such amount of punitive damages as the court may allow; and
>
> (3) in the case of any successful action to enforce any liability under this section, the costs of the action together with reasonable attorney's fees as determined by the court.

And, 15 U.S.C. §1681o, "**Civil Liability for Negligent Noncompliance**" reads:

> (a) Any person who is negligent in failing to comply with any requirement imposed under this title with respect to any consumer is liable to that consumer in an amount equal to the sum of:
>
> (1) any actual damages sustained by the consumer as a result of the failure; and
>
> (2) in the case of any successful action to enforce any liability under this section, the costs of the action with reasonable attorney's fees as determined by the court.

31. EXPERIAN violated its duty under 15 U.S.C. §1681i(a)(1)(a) to conduct a reasonable good faith investigation into Plaintiff's notice of dispute.

32. Plaintiff disputed information regarding the two ACB accounts on her Experian with a dispute letter to Experian, dated March 14, 2016, disputing the fact that ACB Account **********2867 was from a medical bill incurred while she was 15 years old and a non-emancipated minor and that ACB Account **********3032 was from a medical bill incurred while she was 16 years old and still a non-emancipated minor.

33. Plaintiff received the results from her dispute regarding the ACB accounts a few days after April 14, 2016. Experian deleted ACB account **********2867 and it

verified ACB Account **********3032. Furthermore, on page 6 of 6 of the Experian dispute results dated April 14, 2016, Experian listed Plaintiff's year of birth as 1997 and thus showing Experian knew or should have known that Plaintiff was not of legal age when this debt was incurred.

34.   ACB failed to request the deletion of an account that plaintiff was never legally responsible for and still continues to report it to Plaintiff's great loss and detriment.

35.   If EXPERIAN would have conducted a reasonable good faith investigation, they should have determined that Plaintiff was not legally responsible for the ACB accounts and thus they should have been deleted from Plaintiff's Experian profile.

The section entitled "**Procedure in Case of Disputed Accuracy**" under 15 U.S.C. §1681i(a)(1)(A) reads:

> (a)  Reinvestigations in case disputed information
>
>   (1) Reinvestigation required
>
> (A) In general-- Subject to subsection (f), if the completeness or accuracy of any item of information contained in a consumer's file at a consumer reporting agency is disputed by the consumer and the consumer notifies the agency directly, or indirectly through a reseller, of such dispute, the agency shall, free of charge, conduct a reasonable reinvestigation to determine whether the disputed information is inaccurate and record the current status of the disputed information, or delete the item from the file in accordance with paragraph (5), before the end of the 30 day period beginning on the date on which the agency receives the notice of the dispute from the consumer or reseller.

36.   ACB violated its duty under 15 U.S.C. §1681s-2(b) to conduct a reasonable good faith investigation into Plaintiff's notice of dispute and failing to delete the inaccurate information. After receiving a dispute notice from EXPERIAN, ACB did not conduct a complete, accurate or reasonable investigation into the disputed issue. ACB did not give a

good faith and reasonable investigation into the inaccurate information that was disputed on March 14, 2016 by Plaintiff.  ACB should have discovered that the information they are providing the Credit Bureaus was not accurate.   For ACB to be liable under 15 U.S.C. §1681, Plaintiff must dispute the account with EXPERIAN, EXPERIAN then contacts ACB regarding the dispute and ACB should conduct a good faith and reasonable "investigation" as well and then provides EXPERIAN with corrected credit data or delete the trade line.  The credit data that ACB is providing EXPERIAN is false, misleading and inaccurate and if ACB would have conducted a good faith, and reasonable investigation, they would have discovered the inaccurate data.

37.     Plaintiff disputed information regarding the two ACB accounts on her Experian with a dispute letter to Experian, dated March 14, 2016, disputing the fact that ACB Account \*\*\*\*\*\*\*\*\*\*2867 was from a medical bill incurred while she was 15 years old and a non-emancipated minor and that  ACB Account \*\*\*\*\*\*\*\*\*\*3032 was from a medical bill incurred while she was 16 years old and still a non-emancipated minor.

38.     Plaintiff received the results from her dispute regarding the ACB accounts a few days after April 14, 2016. Experian deleted ACB account \*\*\*\*\*\*\*\*\*\*2867 and it verified ACB Account \*\*\*\*\*\*\*\*\*\*3032. Furthermore, on page 6 of 6 of the Experian dispute results dated April 14, 2016, Experian listed Plaintiff's year of birth as 1997 and thus showing Experian knew or should have known that Plaintiff was not of legal age when this debt was incurred.

39.     If ACB would have conducted a reasonable good faith investigation, or even looked at its own records, they should have determined that they were reporting an account that was not the legal responsibility of the Plaintiff.

The section entitled "Duty of Furnishers of Information Upon Notice of Dispute" under 15 U.S.C. §1681s-2(b) reads:

(1) After receiving notice pursuant to section 1681i(a)(2) of this title of a dispute <u>with</u> regard to the completeness or accuracy of any information provided by a person to a consumer reporting agency, the person shall

(A) conduct an investigation with respect to the disputed information:

(B) review all relevant information provided by the consumer reporting agency pursuant to section 1681i(a)(2) of this title;

(C) report the results of the investigation to the consumer reporting agency;

(D) <u>if</u> the investigation finds that the information is incomplete or inaccurate, report those results to all other consumer reporting agencies to which the person furnished the information and that compile and maintain files on consumers on a nationwide basis.

(E) if an item of information disputed by a consumer is found to be inaccurate or incomplete or cannot be verified after any reinvestigation under paragraph (1), for purposes of reporting to a consumer reporting agency only, as appropriate based on the results of the reinvestigation promptly
  (i) modify that item of information
  (ii) delete that item of information
  (iii) permanently block the reporting of that item of information

40. EXPERIAN is currently violating 15 U.S.C. §1681e(b), by not following reasonable procedures to assure maximum possible accuracy. EXPERIAN is allowing ACB to report an account on Plaintiff's Experian Credit Disclosure that is not the legal responsibility of Plaintiff. If EXPERIAN had followed reasonable procedures to assure maximum accuracy, EXPERIAN would not be allowing ACB report an account that is not the responsivity of Plaintiff. Furthermore, EXPERIAN should have caught the inaccurate data once they were put on notice via Plaintiff's dispute.

41. Plaintiff disputed information regarding the two ACB accounts on her Experian with a dispute letter to Experian, dated March 14, 2016, disputing the fact that ACB Account **********2867 was from a medical bill incurred while she was 15 years old and a non-emancipated minor and that ACB Account **********3032 was from a medical bill incurred while she was 16 years old and still a non-emancipated minor.

42. Plaintiff received the results from her dispute regarding the ACB accounts a few days after April 14, 2016. Experian deleted ACB account **********2867 and it verified ACB Account **********3032. Furthermore, on page 6 of 6 of the Experian dispute results dated April 14, 2016, Experian listed Plaintiff's year of birth as 1997 and thus showing Experian knew or should have known that Plaintiff was not of legal age when this debt was incurred.

43. If EXPERIAN was following any, much less reasonable procedures to assure maximum accuracy, they would not allow such inaccurate reporting and once they were put on notice via a dispute, they should have fixed or corrected the false and misleading information. EXPERIAN'S procedures are so bad or lacking that they continued to report obvious inaccurate data.

44. If EXPERIAN would have followed reasonable procedures to assure maximum accuracy, EXPERIAN would not have allowed ACB to report the account in the first place. Experian would have a procedure in place to make sure that person's under eighteen (18) were legally emancipated before placing negative items on their credit.

Under 15 U.S.C. §1681e(b) reads:

(b) Accuracy of the Report

Whenever a consumer reporting agency prepares a consumer report it <u>shall</u> follow reasonable procedures as assure maximum

possible accuracy of the information concerning the individual about whom the report relates

### *Count II: Fair Debt Collection Act*

Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

46.     ACB violated 15 U.S.C. §1692e(2)(A) by falsely representing the character and/or the legal status of the alleged debt.  ACB is reporting an account on Plaintiff's credit profile as if it were legally hers. Potential lenders look at how recent delinquencies are on a credit report when evaluating loan risks, the more recent the delinquency the higher the financial risk. This account is keeping Plaintiff from obtaining credit.

15 U.S.C. §1692e **"False or Misleading Representation"**

> A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:
>
> **(2)** The false representation of—
>     **(A)** the character, amount, or legal status of any debt

47.     ACB violated 15 U.S.C. §1692e(8) by reporting credit information to EXPERIAN that they knew or should have known to be false. ACB reported information that they know or should have known to be false when they reported a debt on the credit profile of a consumer whom did not have the legal capacity to contract for and incur the debt it was reporting on her account.

48.     Plaintiff disputed information regarding the two ACB accounts on her Experian with a dispute letter to Experian, dated March 14, 2016, disputing the fact that ACB Account **********2867 was from a medical bill incurred while she was 15 years

old and a non-emancipated minor and that ACB Account ***********3032 was from a medical bill incurred while she was 16 years old and still a non-emancipated minor.

49. Plaintiff received the results from her dispute regarding the ACB accounts a few days after April 14, 2016. Experian deleted ACB account ***********2867 and it verified ACB Account ***********3032. Furthermore, on page 6 of 6 of the Experian dispute results dated April 14, 2016, Experian listed Plaintiff's year of birth as 1997 and thus showing Experian knew or should have known that Plaintiff was not of legal age when this debt was incurred.

50. EXPERIAN and ACB should have discovered the misleading information if they would have provided a good faith reasonable investigation and corrected the information. They are communicating information they know or should know to be inaccurate.

51. ACB failed to verify the accuracy of the account it was collecting and to even verify if the account was legally Plaintiff's or her parents.

15 U.S.C. §1692e **"False or Misleading Representation"** reads:

> (8) Communicating or threatening to communicate to any person credit information which is known or which should be known to be false, including the failure to communicate that a disputed debt is disputed.

52. ACB violated Federal Statutes 15 U.S.C. §1692e(10) and 15 U.S.C §1692f. Defendant falsely and deceptively reporting an account that was not the responsibility of Plaintiff. ACB intentionally violated 15 U.S.C. §1692 by false and deceptively reporting the debt that was incurred when Plaintiff was 16.

53. The reporting of an account that was not the responsible party for had a huge effect on Plaintiff's credit score due to the fact both ACB accounts were placed on Plaintiff's report before she was even able to legally apply for credit. The conduct of ACB through the reporting of a debt that is not the responsibility of Plaintiff and violating multiple Fair Debt Collection laws is an unfair and unconscionable means to collect an alleged debt.

> 15 U.S.C. §1692e **"False or Misleading Representation"** reads:
>
>> (10) The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.
>
> And;
>
> The section entitled **"Unfair practices"** under 15 U.S.C §1692f reads;
>
>> A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt.

54. The conduct of EXPERIAN and ACB were a direct and proximate cause, as well as a substantial factor in bringing about the serious injuries, damages and harm to Plaintiff that are outlined above and, as a result, Defendants are liable to compensate Plaintiff for the full amount of actual, statutory, compensatory and punitive damages, as well as such other relief, permitted by law.

55. As a result of Defendants' conduct, Plaintiff has suffered great emotional and mental pain and anguish, and all to Plaintiff's great detriment and loss.

56. As a result of Defendant's conduct, Plaintiff has suffered actual damages and all to Plaintiff's great detriment and loss.

57. At all times pertinent hereto, Defendants were acting by and through their agents, servants, and/or employees who were acting within the course and scope of their agency or employment, and under the direct supervision and control of the Defendant herein.

58. At all times pertinent hereto, the conduct of the Defendants, as well as that of their agents, servants and/or employees, was malicious, intentional, willful, reckless, and in grossly negligent disregard for federal and state laws and the rights of the Plaintiff herein.

DEMAND FOR JURY TRIAL

59. Plaintiff demands trial by jury.

**PRAYER FOR RELIEF**

WHEREFORE, the Plaintiff seeks judgment in Plaintiff's favor and damages against the Defendants EXPERIAN and ACB, based on the following requested relief:

(a) Actual damages pursuant to 15 U.S.C. §1681

(b) Statutory damages pursuant to 15 U.S.C. §1681

(c) Punitive damages pursuant to 15 U.S.C. §1681

(d) Costs and reasonable attorney's fees pursuant to 15 U.S.C. §1681n, §1681o

(e) Actual damages pursuant to 15 U.S.C. §1692k;

(f) Statutory damages pursuant to 15 U.S.C. §1692k;

(g) Costs and reasonable attorney's fees pursuant to 15 U.S.C. §1692k

(h) Such other and further relief as may be necessary, just and proper.

Dated:  April 14, 2017

Respectfully submitted,

/s/Jonathan Raburn
Jonathan Raburn
ATTORNEY FOR PLAINTIFF
Louisiana Bar Roll No. 28728
The Raburn Law Firm, LLC
4005 Nicholson Drive Suite 4610
Baton Rouge, LA 70808
jonathan@geauxlaw.com
318-412-2777